IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

v. Case no. 2:10-mj-364

Carlos W. Cook

ORDER

This matter is before the court for consideration of the report and recommendation filed on October 27, 2010, regarding the motion of the United States to exclude any period of time attributable to the incompetency of the defendant from the thirty-day period required for the return of an indictment pursuant to the Speedy Trial Act, 18 U.S.C. §3161(b). No objections to the report and recommendation have been filed by the parties.

This court finds that the date of the defendant's arrest, June 9, 2010, should be excluded pursuant to Fed.R.Crim.P. 45(a)(1)(A), which excludes the "day of the event that triggers the period" from computation. The court also agrees with the recommendation of the magistrate judge that it is appropriate to find that the period from June 10, 2010, the date of defendant's initial appearance and the making of a motion by defendant for a competency examination, to August 18, 2010, the date of this court's order finding that the defendant was incompetent and referring him to the custody of the Bureau of Prisons for a determination as to whether he could be restored to competency with treatment, is excludable. This court agrees that this period is excludable delay "resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" and "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such

motion [.]" See 18 U.S.C. §3161(h)(1)(A) and (D).

The government requests an order decreeing that all time from August 18, 2010, to such time, if ever, that the defendant becomes mentally competent should be excluded in computing the time within which an information or indictment must be filed. The end of such a period would be determined by the date of an order entered after a hearing held pursuant to 18 U.S.C. §4241(e), finding that the defendant was then competent and ordering his immediate discharge from the facility in which he was hospitalized.

The magistrate judge concluded that all time during which the defendant is incompetent would ordinarily not be counted pursuant to 18 U.S.C. §3161(h)(4), which excludes any "period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." However, the magistrate judge also noted 18 U.S.C. §3161(h)(1)(F), which excludes delay resulting from the transportation of the defendant to and from places of examination or hospitalization, but further provides that any delay in excess of ten days, as calculated between an order of removal or an order directing the defendant's transportation to a facility and the defendant's arrival at the facility, is presumed to be unreasonable.

In cases where competency evaluations were ordered, the Sixth Circuit has given effect to the transportation provision in §3161(h)(1)(F) and counted any unreasonable period of delay in excess of ten days toward the speedy trial clock even though the entire period would otherwise have been excludable time under 18 U.S.C. §3161(h)(1)(A). See United States v. Turner, 602 F.3d 778, 782-786 (6th Cir. 2009); United States v. Tinklenberg, 579 F.3d 589, 595-597 (6th Cir. 2009); cf. Bloate v. United States, ___ U.S.

___, 130 S.Ct. 1345, 1353 n. 9 (2010)(rejecting an interpretation of the Speedy Trial Act that would render a provision of the Act a nullity). Although the Sixth Circuit has not specifically addressed the issue of whether the transportation provision would apply where time is otherwise excluded under the competency provision in §3161(h)(4), the magistrate judge concluded that the reasoning in Turner and Tinklenberg would also apply to that situation. However, those decisions may be distinguishable in a case where the defendant has actually been found to be incompetent, since no trial or other proceedings may be had in any event as long as the defendant is incompetent, and therefore the speedy indictment/trial concerns are not the same.

However, the court concludes that it is not necessary at this time to decide the issue of whether §3161(h)(1)(F) applies despite the exclusion provided in 18 U.S.C. §3161(h)(4), since under the calculations recommended by the magistrate judge, ample time remains in which the government can secure an indictment in the event that defendant is later found by the court to be competent. Since no order of removal or transportation was entered in this case, the magistrate judge, referring to the suggestion in Turner, 602 F.3d at 785, concluded that the transportation time under §3161(h)(1)(F) began to run on October 6, 2010, the date defendant began his transit to the designated facility, and concluded on October 19, 2010, the date of his arrival at the facility, a period of fourteen days. Since the first day is not counted pursuant to Rule 45(a)(1)(A), this results in a period of thirteen days. Although the magistrate judge recommended a finding that three of those days are presumptively unreasonable, the magistrate judge gave no recommendation as to whether those days should count

against the speedy indictment clock, noting that the government should be given the opportunity to present evidence to rebut the presumption of unreasonableness before a finding is made on the issue of whether the three days are excludable time.

The court agrees with the magistrate judge’s calculations concerning the defendant’s time in transit. As indicated above, the court makes no ruling on whether §3161(h)(1)(F) applies, but, assuming arguendo that it does apply, the court agrees with the magistrate judge’s recommendations that only three days of transit time would be presumptively unreasonable, and that no ruling on whether the three days count on the speedy indictment clock should be made until the government has had the opportunity to present evidence on the reasonableness of the delay. If the government later presents evidence and shows that the three-day delay was reasonable, then the full thirty-day period remains in which to secure an indictment. Even if the government fails to show that the three-day delay was reasonable, it would still have twenty-seven days to obtain an indictment after the entry of an order declaring defendant to be competent.

In accordance with the foregoing, the court adopts in part the report and recommendation (Doc. No. 20). The government’s motion (Doc. No. 18) is granted in part. The court holds that from the date of defendant’s arrest through August 18, 2010, no days have expired towards the thirty-day period under §3161(b) for securing an indictment. The court further holds that the period from August 18, 2010, to such date, if ever, that defendant is found by court order to be mentally competent, is excludable time under §3161(h)(4), with the caveat that the court will defer ruling on the issues of whether §3161(h)(1)(F) applies and whether the three

presumably unreasonable days of transit, specifically, October 17-19, 2010, should or should not be excluded, and will permit the government to present evidence as to whether this delay was justifiable before making such a ruling.

Date: November 17, 2010

s/James L. Graham
James L. Graham
United States District Judge